UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.W., a Deceased Minor, by Nina Gray, Personal Representative, and NINA GRAY, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO., <br><br> Defendant. | No. 4:17-CV-1488 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Walgreen Co.'s ("Defendant Walgreen") motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), and alternative motion to strike plaintiffs' prayers for punitive damages and attorney's fees. Plaintiff C.W., a deceased minor, by and through his personal representative and natural mother, Nina Gray ("Plaintiff C.W."), and plaintiff Nina Gray, individually ("Plaintiff Gray"), oppose the motion. The motions are fully briefed and ripe for review. For the following reasons the Court will dismiss Plaintiff C.W.'s claims and strike Plaintiff Gray's prayer for attorney's fees.

**I.      Background**

C.W., a fifteen-year-old African-American young man, was shopping at a Walgreens store in December 2015. C.W. had recently under gone heart transplant surgery. C.W. put his cell phone and money in his pants pocket as he reached for an item on a shelf with his other hand. C.W. was suddenly confronted by four Walgreens employees who demanded to know what he had put down his pants. The Walgreens employees marched C.W. to the front of the store and searched him in front of other shoppers putting their hands in his pockets and turning the pockets inside out, as well as lifting his shirt, exposing C.W.'s transplant scar. The

employees found nothing on C.W.'s person to suggest he was doing anything other than shopping.  C.W. passed away on July 4, 2016, allegedly as a result of having suffered from heightened physical and mental stress levels due to the incident at Walgreens.

On March 14, 2017, plaintiff C.W., a deceased minor, by and through his next friend, Nina Gray, C.W.'s natural mother, filed this action in the Circuit Court of St. Louis County, Missouri against Defendant Walgreen, seeking money damages arising from the incident in Defendant Walgreen's store.  The Petition asserted state law claims for assault, false imprisonment, and intentional infliction of emotional distress.  Defendant Walgreen removed this case pursuant to 28 U.S.C. §§ 1441 and 1446, and this Court has original jurisdiction under 28 U.S.C. § 1332(a).

On June 4, 2017, Plaintiff C.W., a deceased minor, by and through his personal representative, Nina Gray, filed a First Amended Complaint which added Count IV, alleging a state law claim for wrongful death, and Count V, alleging violation of 42 U.S.C. § 1981. Defendant Walgreen filed a motion to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted.  Plaintiff C.W. filed a response to Defendant Walgreen's motion to dismiss and also sought leave to amend the complaint a second time, which this Court granted.

On August 2, 2017, Plaintiff C.W. and Nina Gray, individually, filed a Second Amended Complaint.  Plaintiff C.W. alleged violations of 42 U.S.C. § 1981 (Count I), 42 U.S.C. § 1985 (Count II), and § 213.065, Missouri Revised Statutes (Count III), and Plaintiff Gray alleged wrongful death (Count IV).

Defendant Walgreen filed a motion to dismiss Counts I, II, and III for failure to state a claim and an alternative motion to strike Plaintiff C.W.'s prayers for punitive damages and

attorney's fees.  Defendant Walgreen additionally seeks to strike Plaintiff Gray's prayer for attorney's fees in Count IV.

**II.     Legal Standard**

Courts must satisfy themselves that a plaintiff has standing to bring a claim.  "'Where a plaintiff lacks standing, the court has no subject matter jurisdiction.'"  Brooks v. City of Des Moines, Ia., 844 F.3d 978, 979 (8th Cir. 2016) (quoting Young America Corp. v. Affiliated Comput. Servs., Inc., 424 F.3d 840, 843 (8th Cir. 2005)).

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff need not provide specific facts in support of its allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable,"  Twombly,

550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id.; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

### III. Discussion

#### A. Count I, Plaintiff C.W.'s Claim Pursuant to 42 U.S.C. § 1981

Upon review of the pleadings and the parties' briefs, this Court finds that Plaintiff C.W. lacks standing to assert Count I.

In its motion to dismiss Count I, Defendant Walgreen argues that the Missouri survival statutes, Missouri Revised Statutes §§ 537.020 and 537.030 (2010), governing the survival and abatements of claims at the death of the plaintiff, only permit survival of claims that were filed prior to the plaintiff's death. Defendant Walgreen argues that because Plaintiff C.W.'s claim was not on file at the time of his death, this Court must dismiss Count I. In response, Plaintiff C.W. argues that § 537.020 specifically contemplates the survival of Plaintiff C.W.'s cause of action, but does not address whether the statute requires that the claim be pre-existing to survive.

Upon review, this Court holds that Plaintiff C.W., through his personal representative, Nina Gray, does not have standing to bring an action under 42 U.S.C. § 1981. Missouri's survival statute, provides, in relevant part:

> 1. Causes of action for personal injuries, ***other than those resulting in death***, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability of the measure of damages shall be the same as if the death or deaths had not occurred …

> 2. The right of action for death or the right of action for ***personal injury that does not result in the death*** shall be sufficient to authorize and to require the appointment of a personal representative by the probate division of the circuit court upon the written application therefore by one or more of the beneficiaries of the deceased …

Mo. Rev. Stat. § 537.020 (emphases added).

The survival statute "unambiguously authorizes the survival of claims that arise from non-fatal personal injuries where the injured party later dies of *unrelated* causes." Andrews v. Neer, 253 F.3d 1052, 1057 (8th Cir. 2001) (emphasis added). Although the statute requires that such personal injury claims must be pursued by the personal representative of the decedent's estate, "[t]he statute's language clearly limits its application to cases where the personal injury did not cause the decedent's death." Id.

Where the personal injury caused the decedent's death, the survival statute does not apply. Here, Plaintiff Gray has asserted that the same personal injuries alleged by Plaintiff C.W. in Count I resulted in C.W.'s death. (Doc. 16 ¶¶ 62-69.) It is these injuries that form the basis for Plaintiff Gray's Wrongful Death claim in Count IV. "The Missouri Supreme Court has declared the wrongful death statute to be the sole source of a cause of action in Missouri where the injuries sustained by the decedent caused the decedent's death." Andrews, 253 F.3d at 1058 (citing Sullivan v. Carlisle, 851 S.W.2d 510 (Mo. 1993) (en banc)). The survivorship statute and the wrongful death statute are mutually antagonistic. Wollen v. DePaul Health Ctr., 828 S.W.2d 681, 685 (Mo. 1992) (en banc) ("The survivorship statute applies when the injury alleged did not cause death, and the wrongful death statute applies when the injury did cause the death.").

Because the Missouri survival statute does not apply as a result of Plaintiff Gray's allegation that Defendant Walgreen caused C.W.'s death, Plaintiff C.W. does not have standing to pursue a § 1983 claim for injuries caused by Defendant Walgreen. See Andrews, 253 F.3d at 1057-58 ("even if [the decedent's daughter] had been appointed as personal representative of her

deceased father, she would not have standing under the Missouri survival statute to pursue a §1983 claim for injuries [where] [t]hose injuries resulted in his death."). Because Plaintiff C.W. lacks standing to bring Count I, the Court must dismiss Count I for lack of subject matter jurisdiction. As a result, the Court finds it unnecessary to decide whether the Missouri survival statutes, Missouri Revised Statutes §§ 537.020 and 537.030, only permit survival of claims that were filed prior to the plaintiff's death as the issue is now moot.

### B. Count II, Plaintiff C.W.'s Claim Pursuant to 42 U.S.C. § 1985(3)

In its motion to dismiss Count II, Defendant Walgreen argues that 42 U.S.C. § 1986's one-year statute of limitation applies to Plaintiff C.W.'s 42 U.S.C. § 1985(3) claim, and that Plaintiff C.W.'s ability to bring a claim under § 1985(3) expired on July 4, 2017. Plaintiff C.W. responds that Missouri's five-year statute of limitations for action based on contracts applies which makes the § 1985(3) claim timely.

Despite the parties' arguments regarding the applicable statute of limitations, it is Plaintiff C.W.'s lack of standing to assert Count I that dooms Count II, as the viability of Count II is dependent on Count I. Accordingly, the Court dismisses Count II for failure to state a claim upon which relief can be granted.

In Count II, Plaintiff C.W. alleges that Defendant Walgreen violated 42 U.S.C. § 1985(3) when four Walgreens employees conspired to prevent C.W. from making a purchase/sale contract with defendant. 42 U.S.C. § 1985(3) provides a cause of action where "two or more persons … conspire … for the purpose of depriving … any person … of the equal protection of the laws, or of the equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Therefore, to state a claim under § 1985(3), a plaintiff must show: "(1) that the defendants did 'conspire,' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws,' (3)

that one or more of the conspirators did, or caused to be done, 'any act in furtherance of the object of the conspiracy,' and (4) that another person was 'injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States.'" Larson ex rel. Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996) (quoting 42 U.S.C. § 1985(3)). In addition, a plaintiff "must allege that an independent federal right has been infringed. Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights. The source of the rights or laws violated must be found elsewhere." Federer v. Gephardt, 363 F.3d 754, 758 (8th Cir. 2004).

The independent federal right that Plaintiff C.W. claims was infringed is C.W.'s claim under 42 U.S.C. § 1981. In Count II, Plaintiff C.W. alleges, "[d]ue to Plaintiff C.W.'s race, African American, and Defendant's penchant for racially profiling individuals of the same race, Plaintiff C.W. was prevented from making the purchase/sale contract with Defendant." This is identical to the factual allegation contained in Count I, alleging a violation of 42 U.S.C. § 1981. (Doc. 16 ¶¶ 32, 39). Because the Court has concluded that Plaintiff C.W. cannot bring a claim under 42 U.S.C. § 1981, his 42 U.S.C. § 1985(3) claim necessarily fails, as it depends on the viability of the § 1981 claim. See Mendoza v. United States, 849 F.3d 408, 421 (8th Cir. 2017) (holding that plaintiff's § 1985(3) claim failed because the fifth amendment due process claim, which the § 1985(3) claim relied on, failed). Accordingly, the Court dismisses Count II for failure to state a claim upon which relief can be granted.[1]

---

[1] In its reply memorandum, Defendant Walgreen asserts for the first time that Plaintiff C.W.'s § 1985(3) claim also fails under the intracorporate conspiracy doctrine, which shields the agents of a single corporation acting within the scope of their employment from constituting a conspiracy under § 1985. See, e.g., Johnson v. Vilsack, 833 F.3d 948, 958-59 (8th Cir. 2016). The Court agrees that this doctrine would preclude Plaintiff C.W.'s § 1985(3) claim, as all of the alleged conspirators are Walgreens employees.

### C. Count III, Plaintiff C.W.'s Claim Pursuant to the Missouri Human Rights Act, § 213.065, Mo. Rev. Stat.

Defendant Walgreen argues that Plaintiff C.W.'s claim under the Missouri Human Rights Act ("MHRA") should be dismissed because Plaintiff C.W. failed to obtain a "right to sue" letter issued by the Missouri Commission on Human Rights. Plaintiff C.W. has failed to respond to Defendant Walgreen's argument.

The MHRA establishes a statutory cause of action for discrimination. The MHRA requires a plaintiff to exhaust his or her administrative remedies before filing suit. Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994); Jeffery v. St. Louis Fire Dep't, 506 S.W.3d 394, 398 (Mo. Ct. App. 2016). In order to exhaust administrative remedies for a claim under the MHRA, "a party must timely file an administrative complaint with [the Missouri Commission on Human Rights] and either adjudicate the claim through MCHR or obtain a right-to-sue letter." Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000) (citing Mo. Rev. Stat. § 213.111(1)). The MHRA's exhaustion requirement is jurisdictional. Mo. Rev. Stat. § 213.075.1 (referring to the "jurisdictional precedent to filing a civil action under" the MHRA); see also Hill v. St. Louis University, 123 F.3d 1114, 1118 (8th Cir. 1997) (acknowledging the MHRA's jurisdictional bar where the plaintiff failed to timely file her administrative claim).

Plaintiff's Second Amended Complaint contains no allegations about filing an administrative claim or other steps taken to exhaust remedies under the MHRA, and there is no reference to the necessary "right to sue" letter. Plaintiff C.W. does not contest Defendant Walgreen's assertion that administrative remedies were not pursued. Accordingly, Count III is dismissed without prejudice for failure to exhaust administrative remedies.

### D. Walgreen Co.'s Alternative Motion to Strike Plaintiff C.W.'s Prayers for Punitive Damages and Attorney's Fees

Because the Court has dismissed Counts I, II, and III, Defendant Walgreen's alternative motion to strike Plaintiff C.W.'s prayers for punitive damages and attorney's fees will be denied as moot.

### E. Motion to Strike Plaintiff Gray's Prayer for Attorney's Fees

Defendant Walgreen moves to dismiss Plaintiff Gray's prayer for attorney's fees in Count IV. Defendant Walgreen argues that there is no basis under Missouri law for such a request. Plaintiff Gray has not responded to this argument.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The United States Court of Appeals for the Eighth Circuit has held that "motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and infrequently granted." Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). Nonetheless, resolution of such a motion lies within the broad discretion of the court. Id. With regard to attorney's fees, Missouri follows the "American Rule" which requires that each party pay their own attorney's fees in the absence of a specific statute or contractual agreement authorizing recovery of such fees. Monarch Fire Prot. Dist. v. Freedom Consulting & Auditing Servs., 644 F.3d 633, 637 (8th Cir. 2011) (citing Lucas Stucco & EIFS Design, LLC v. Landau, 324 S.W.3d 444, 445 (Mo. 2010) (en banc)). This Court has granted a motion to strike a plaintiff's prayer for attorney fees when there was no statutory or contractual basis for an attorney's fee award. Fainer v. State Farm Mut. Auto. Ins. Co., 2008 WL 5263779, at *1 (E.D. Mo. Dec. 18, 2008) (granting motion to strike the plaintiff's demand for attorney's fees because the plaintiff did not specify any "contractual or

statutory basis for attorney's fees, nor [did] Plaintiff assert a claim under which such fees might be recovered.")

Defendant Walgreen correctly notes that Count IV is a statutory claim under Missouri's wrongful death statutes, Missouri Revised Statutes §§ 537.080 and 537.090. These statutes do not provide for the recovery of attorney's fees. Where, as here, there is no statutory basis for attorney's fees and no assertion of a contractual agreement, this Court finds it appropriate to grant Defendant Walgreen's motion to strike Plaintiff Gray's prayer for attorney's fees in Count IV of the Second Amended Complaint.

### F. Conclusion

For the foregoing reasons, the Court will dismiss Plaintiff C.W.'s Count I for lack of subject matter jurisdiction on its own motion. Because Plaintiff C.W.'s Count II is dependent on Count I, the Court will dismiss Count II for failure to state a claim upon which relief can be granted. As a result, the Court will deny Defendant Walgreen's motion to dismiss Counts I and II as moot. The Court will grant Defendant's motion to dismiss Plaintiff C.W.'s Count III without prejudice, for failure to exhaust administrative remedies. Defendant Walgreen's alternative motion to strike Plaintiff C.W.'s prayers for punitive damages and attorney's fees will be denied as moot. Defendant Walgreen's motion to strike Plaintiff Gray's prayer for attorney's fees in Count IV will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Count I is **DISMISSED** on the Court's own motion for lack of subject matter jurisdiction, and Count II is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Defendant Walgreen's motion to dismiss is **DENIED** as moot as to Counts I and II and **GRANTED** as to Count III. [Doc. 17]

**IT IS FURTHER ORDERED** that Defendant Walgreen's motion to strike is **DENIED** as moot as to the prayers for punitive damages and attorney's fees in Counts I and II, and **GRANTED** as to Plaintiff Gray's prayer for attorney's fees in Count IV. [Doc. 17]

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of January, 2018.